took an extensive view of the case, and agreed generally with the opinion previously delivered, except as to the charge of insolvency of Fulton, which he did not consider certain, substantial, or specific; that this was the only part of the bill which could bring the case within the provisions of the Act of 1801: this being defective, he was of opinion the injunction should be dissolved as against both the Fultons.
The imputation of fraud cannot be noticed in this case; upon that ground the Court cannot set aside the contract.
This court cannot set aside a contract unless the parties can be placed in statu quo. This it would be impossible to do. The representatives of Davis cannot be reinstated in the property which Davis parted with to Fulton, who is insolvent.[1]
CAMPBELL, J., accorded with the opinion first delivered. The injunction was therefore dissolved as against James Fulton, and held up against Alexander Fulton.
CAMPBELL, for the plaintiff, moved to amend the bill by inserting a substantial charge of insolvency, so as to bring the case, clear of all doubt, within the Act of 1801, which was allowed by all the Court. See 2 Dall. 363-365.
[1] 1 Wil. ed. Bac. Ab. 109, 112.